UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 29 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

TIMOTHY ECKERT,

Plaintiff,

v.

25-CV-1069 (JLS) (MJR)

FORD MOTOR COMPANY; UNITED AUTO WORKERS INTERNATIONAL UNION; UNITED AUTO WORKERS LOCAL UNION 897; STEPHEN A. BURNS; KAREN RAYER; GORDON STEINAGLE; ALLEGRA J. LAWRENCE; M. ROGAN MORTON; CATHERINE CREIGHTON; EVERSHEDS SUTHERLAND (US) LLP; SCHRODER, JOSEPH & ASSOCIATES LLP; CREIGHTON, PEARCE, JOHNSON & GIROUX; SCOT ADAMS; GINGER SCHRODER; UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,

Defendants.

## DECISION AND ORDER

Plaintiff Timothy Eckert commenced this action on October 21, 2025, asserting claims against Defendants for: (1) Fraud on the Court; (2) Deprivation of rights under color of law; (3) Conspiracy to interfere with civil rights; and (4) Declaratory and injunctive relief. *See* Dkt. 1.[1] The case has been referred to United States Magistrate

[1] Familiarity with the record is presumed. A complete recitation of the background of this case is contained in Judge Roemer's July 8, 2026 R&R. *See* Dkt. 183.

Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

The following motions are before the Court:

- Plaintiff's motion for summary judgment (Dkt. 40);
- Plaintiff's corrected motion for summary judgment (Dkt. 41);
- A motion to dismiss by Ford Motor Company and Karen Rayer (collectively, the "Ford Defendants") (Dkt. 45);
- A motion by the Ford Defendants to declare Plaintiff a vexatious litigant (Dkt. 68);
- A motion to dismiss by Ginger Schroder and Schroder, Joseph & Associates LLP (Dkt. 80);
- Plaintiff's motion for alternate service on Catherine Creighton (Dkt. 83);
- A motion to dismiss by Eversheds Sutherland (US) LLP and Allegra J. Lawrence-Hardy (Dkt. 86);
- A motion to dismiss by M. Rogan Morton (Dkt. 88);
- A motion by Morton to declare Plaintiff a vexatious litigant (Dkt. 90);
- A motion to dismiss by Stephen A. Burns (Dkt. 93);
- A motion to dismiss by United Auto Workers International Union (Dkt. 94);
- A motion to dismiss by United Auto Workers Local Union 897 (Dkt. 96); and
- Plaintiff's motion to stay proceedings (Dkt. 132).

On July 8, 2026, Judge Roemer issued a Report, Recommendation, and Order ("R&R"), recommending that this Court grant the motions to dismiss (Dkt. 45, 80, 86, 88, 93, 94, and 96), deny the motions to declare Plaintiff a vexatious litigant (Dkt. 68,

90), and deny Plaintiff's motions for summary judgment (Dkt. 40, 41). *See* Dkt. 183 at 43.[2] Judge Roemer also ordered that Plaintiff's motion for alternate service (Dkt. 83) and his motion to stay proceedings (Dkt. 132) are denied.

Plaintiff objected to the R&R. Dkt. 194. He argues, among other things, that the R&R erroneously "recommends terminating this action with prejudice based substantially upon conclusions drawn from a superseded pleading and a disputed premise that Plaintiff necessarily discovered, or reasonably could have discovered, the factual basis of the present claims decades earlier." *Id.* at 33. Plaintiff also contends that the alleged defects are cured by the Third Amended Complaint. *See id.* Defendants opposed the objections, Dkt. 197, 198, 199, 200, 201, 202, and Plaintiff replied. Dkt. 203.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). And it must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

---

[2] Page numbers refer to the CM/ECF generated numbering in the header of each page.

A "finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Laufer*, No. 17CV9424CSJCM, 2023 WL 4200865, at *1 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). And a "ruling is 'contrary to law' if the magistrate judge failed to apply or misapplied relevant statutes, case law or rules of procedure." *Id.* (citation omitted). It is "well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Id.* (citation omitted). This "'highly deferential' standard 'imposes a heavy burden on the objecting party.'" *Id.* (quoting *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018)).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendations and affirms his orders.

For the reasons above and in the R&R, the motions to dismiss (Dkt. [45], [80], [86], [88], [93], [94], and [96]) are GRANTED; the motions to declare Plaintiff a vexatious litigant (Dkt. [68] and [90]) are DENIED; and Plaintiff's motions for summary judgment (Dkt. [40] and [41]) are DENIED. As a result, the Second Amended Complaint, Dkt. 29, is DISMISSED without further leave to amend.[3]

---

[3] Plaintiff's motion for leave to supplement the record, Dkt. 204, is denied as moot. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and we have upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo*

Additionally, Defendant Gordon Steinagle's motion to dismiss, Dkt. 185, is GRANTED for the reasons above and in the R&R. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 29, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

review."); *see also Eckert v. Paul*, No. 1:24-CV-01203-JLS-MJR, 2025 WL 491634, at *7 (W.D.N.Y. Jan. 7, 2025), *report and recommendation adopted*, No. 24-CV-1203 (JLS) (MJR), 2025 WL 489780 (W.D.N.Y. Feb. 13, 2025).